14-3882-cr
*United States v. Shoneyin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                 RALPH K. WINTER,
                 JOHN M. WALKER, Jr.,
                         *Circuit Judges.*

_____

UNITED STATES,

                         *Appellee*,

                 v.                                            No. 14-3882-cr

HANAN AHMAD,
                         *Defendant*,

TEMIDAYO SHONEYIN,

                         *Defendant-Appellant*.

_____

For the United States:          Andrew C. Adams, Justin Anderson, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant :       Israel Arana, Coral Gables, FL.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Temidayo Shoneyin appeals from a judgment of conviction entered September 30, 2014, sentencing him principally to 48 months' incarceration. Shoneyin pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of theft of public funds in violation of 18 U.S.C. §§ 641, 642. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

Shoneyin argues, for the first time on appeal, that the government breached the plea agreement. Where, as here, the defendant failed to object to the alleged breach below, we review only for plain error. *Puckett v. United States*, 556 U.S. 129, 133-34 (2009). Shoneyin contends that the government breached the plea agreement by arguing that "a lengthy sentence of incarceration, consistent with the recommendation under the Guidelines, is appropriate in this case." App. 22. However, no provision of the plea agreement prohibited the government from making this argument. To the contrary, the plea agreement expressly permitted the government to "make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced," and even to "seek a sentence outside of the Stipulated Guidelines Range." App. 18. Shoneyin further contends that the Probation Office breached the plea agreement by calculating a higher guidelines range than that stipulated in the plea agreement. However, the plea agreement made clear that "neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts." Accordingly, we find no plain error.

2

Shoneyin also challenges the reasonableness of his sentence. Our review of the district court's sentence "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Where, as here, a defendant fails to raise his claim of procedural error in the district court, we review for plain error. *United States v. Wernick*, 691 F.3d 108, 117 (2d Cir. 2012). Shoneyin contends the district court's application of a two-level leadership enhancement lacked a sufficient factual basis. However, the undisputed facts in the Presentence Investigation Report establish that Shoneyin recruited accomplices and directed them to carry out fraudulent bank transactions. Accordingly, the district court did not commit plain error in applying the leadership enhancement. *See* USSG § 3B1.1 cmt. 4.

Shoneyin also contends that his sentence was substantively unreasonable. A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Here, in light of the nearly $1 million in economic loss that resulted from his crimes, Shoneyin's recruitment of vulnerable accomplices, and his five prior convictions in the United Kingdom, the 48-month sentence imposed by Judge Kaplan was well within the range of permissible decisions.

We have considered Shoneyin's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3